**Albert Charles BURGESS, Jr., Plaintiff,**

**v.**

**Joseph G. BROWN, George Hill, Larry E. Horton, and Sgt. Bob Carter, Defendants.**

No. C–C–86–375–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 5, 1987.

Albert Charles Burgess, Jr., pro se.

Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., Frank B. Aycock, III, Charlotte, N.C., Lacy H.

Thornburg, Atty. Gen., Raleigh, N.C., for defendants.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Motions of Defendants Joseph G. Brown, George Hill, and Sgt. Bob Carter to Dismiss the Complaint and on the Motions of all of the Defendants for Summary Judgment.

Plaintiff brings this action seeking damages against all the Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983. In his Complaint Plaintiff alleges the following:

(3) That the Plaintiff was convicted of taking indecent liberties with a minor, 13 counts, and sentenced to two ten year sentences [in the Gaston County Superior Court].

&ast; &ast; &ast; &ast; &ast; &ast;

(6) On February 8, 1985, the Plaintiff was again arrested in Anderson County, South Carolina on identical charges to those he had been convicted of in Gaston County, North Carolina.

(7) That Defendants Carter, Brown and Hill did supply information concerning the Plaintiff's previously overturned convictions to the prosecutors in Anderson County. Additionally, the Defendants Brown, Hill, and Carter did supply certain information previously obtained by Defendant Horton showing that the Plaintiff had been suspected of being in a major child pornography ring of some unknown origin.

(8) That the information supplied by these Defendants, directly or indirectly, was used against him to inflame the local residents of Anderson County, enhance the sentence that Plaintiff received, and to prejudice the Plaintiff from receiving a fair trial.

&ast; &ast; &ast; &ast; &ast; &ast;

(12) That Defendants Hill, Brown, and Carter did use this same information, known by them to be false, and supplied it to the Anderson County, South Carolina Solicitors Office to help enhance the sentence the Plaintiff would receive.

(13) That the actions of the Defendants did in fact result in the Plaintiff being unable to defend himself against allegations of child pornography and did result in extensive pretrial publicity and prejudice against him. Additionally, he was given a sentence based on allegations of his criminal efforts, as supplied by the Defendants, and not on the actual crimes he had committed.

It is apparent from these allegations that even though Plaintiff has not specifically asked to be released or to have his sentence shortened, he is nevertheless using this § 1983 action as a way to challenge the validity of his South Carolina convictions or the fact or length of his confinement. The Supreme Court in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." 411 U.S. at 490, 93 S.Ct. at 1836.

The proper way for Plaintiff to challenge his South Carolina convictions is to pursue his available state court remedies. Once Plaintiff has exhausted his state court remedies as required by 28 U.S.C. § 2254(b), he may then file a petition for habeas corpus pursuant to 28 U.S.C. § 2254(b) in the United States District Court for the District of South Carolina.

More specifically, Plaintiff may not maintain a § 1983 claim for damages which calls into question the validity of a state court conviction until he has first complied with the exhaustion requirements of 28 U.S.C. § 2254(b). See *Hamlin v. Warren,* 664 F.2d 29 (4th Cir.1981), *cert. denied,* 455 U.S. 911, 102 S.Ct. 1261, 71 L.Ed.2d 451 (1982).

Plaintiff has failed to comply with these exhaustion requirements. The Court is, therefore, of the opinion, that the Motions of Defendants Brown, Hill, and Carter to Dismiss the Complaint should be granted. Additionally, the Court will on its own Motion dismiss the Complaint as to Defendant Horton. It is thus unnecessary for the Court to address the various Summary Judgment Motions of the Defendants.

NOW, THEREFORE, IT IS ORDERED that:

(1) The Motions of Defendants Brown, Hill, and Carter to Dismiss the Complaint are GRANTED; and

(2) The Court, on its own Motion, DISMISSES the Complaint as to Defendant Horton.